UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Target Corporation, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>ACE American Insurance Company, a Pennsylvania corporation, and ACE Property & Casualty Insurance Co., a Pennsylvania corporation,<br><br>Defendants. | Court File No.: 0:19-CV-2916<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF ACE AMERICAN INSURANCE COMPANY AND ACE PROPERTY & CASUALTY INSURANCE COMPANY** |

COMES NOW Defendants ACE American Insurance Company and ACE Property & Casualty Insurance Company (hereinafter collectively referred to as "ACE" or "Defendants"), and for their Answer to Plaintiff's Complaint states and alleges as follows:

1. Denies each and every matter, allegation and thing in said Complaint contained, except as hereinafter specifically admitted or alleged.

## AS TO THE INTRODUCTION

2. States in response to paragraph 1 of Plaintiff's Complaint that said paragraph is introductory in nature, is not susceptible to a responsive pleading by answering Defendants, and thus Defendants deny the same. As to the purported facts alleged therein, admits that Plaintiff's action is for breach of contract and declaratory relief. Admits that Plaintiff suffered a "Data Breach," but states that it is without knowledge so as to affirm or deny precisely when Plaintiff discovered the same, and thus

puts Plaintiff to its proof thereof. Admits that Plaintiff faced and then settled claims against it resulting from said "Data Breach." Denies that as a result of said "Data Breach" Plaintiffs suffered any losses, including any amounts incurred in connection with the aforementioned settlements, covered under the policies of insurance issued by Defendants and for which Defendants would owe indemnity, which said policies of insurance are unambiguous written documents and speak for themselves.

3. Denies in response to paragraph 2 of Plaintiff's Complaint that Defendants insure Plaintiff against said settlements, states that the policies of insurance issued by Defendants to Plaintiff are unambiguous written documents and speak for themselves, and specifically denies that any said settlements included payment for "loss of use of tangible property that is not physically injured."

4. Admits in response to paragraph 3 of Plaintiff's Complaint that Plaintiff provided notice of a claim to Defendants, denies that any accounting of such was sufficiently detailed so as to advise of a covered claim or loss, denies that Defendants' policies of insurance provided coverage for the claims submitted by Plaintiff and thus alleges that Defendants' denial of Plaintiffs claim was entirely justified and appropriate based upon the facts of the claims submitted and the unambiguous language of Defendants' policies of insurance, which said policies of insurance are unambiguous written documents and speak for themselves.

5. Denies in response to paragraph 4 of Plaintiff's Complaint that this action is "necessary" because Defendants have denied coverage for Plaintiff's alleged losses. Said denial is justified by the facts and by the terms of Defendants' insurance policies and

Plaintiff is not entitled to the relief sought in its Complaint. Admits that because of Plaintiff's unfounded claims against Defendants, an actual justiciable controversy exists between Plaintiff and Defendants.

## AS TO THE IDENTIFICATION OF THE PARTIES

6. Admits those allegations contained in paragraphs 5, 6 and 7 of Plaintiff's Complaint.

## AS TO THE ALLEGATIONS OF JURISDICTION AND VENUE

7. Admits those allegations contained in paragraphs 8, 9, 10, 11 and 12 of Plaintiff's Complaint.

## AS TO THE ALLEGATIONS CONCERNING THE GENERAL LIABILITY POLICIES SOLD TO PLAINTIFF

8. Admits those allegations contained in paragraphs 13, 14, 18 and 19 of Plaintiff's Complaint, states that said policies of insurance are unambiguous written documents which speak for themselves, and denies any allegation concerning said policies which is inconsistent with the terms contained therein.

9. States in response to paragraphs 15, 16, 17, 20, 21, 22, 23 and 24 of Plaintiff's Complaint that the policies of insurance described therein are unambiguous written documents and speak for themselves, and denies any allegation concerning said policies of insurance that are inconsistent with the language contained therein. Specifically states in response to paragraph 17 of Plaintiff's Complaint that the "Primary Policy" is also subject to a $2.5 million indemnity deductible.

10. States in response to paragraph 25 of Plaintiff's Complaint that Plaintiff has provided no proof to Defendants that "the policies of insurance underlying the Excess Policy have been exhausted," and thus denies the same.

**AS TO THE ALLEGATIONS OF DISPUTED CLAIMS**

11. Admits in response to paragraphs 26, 27, 28, 29, 30, 31, 32, 33 and 34 of Plaintiff's Complaint that Plaintiff suffered a "Data Breach," that the facts surrounding said "Data Breach" speak for themselves, and that to the extent that the allegations in Plaintiff's Complaint mischaracterize or attempt to change the facts of said "Data Breach," those allegations are denied. States that Defendants are without knowledge so as to affirm or deny precisely when Plaintiff discovered the same, and thus puts Plaintiff to its proof thereof. Admits that Plaintiff faced and then settled claims against it resulting from said "Data Breach," states that said claims and the terms of the settlement of the same speak for themselves, and that to the extent that the allegations mischaracterize or attempt to change the allegations asserted in said claims or the terms of said settlements, those allegations are denied. Denies that as a result of said "Data Breach" Plaintiff suffered any losses, including any amounts incurred in connection with the aforementioned settlements, covered under the policies of insurance issued by Defendants, which said policies of insurance are unambiguous written documents and speak for themselves.

## AS TO THE ALLEGATIONS OF DEFENDANTS' DENIAL OF COVERAGE

12. Admits in response to paragraph 35 of Plaintiff's Complaint that on January 14, 2014 Plaintiff provided to Defendants a Notice of Occurrence & Potential General Liability/Excess Claim regarding the "Data Breach."

13. Denies those allegations contained in paragraphs 36, 37, 38 and 42 of Plaintiff's Complaint.

14. States in response to paragraph 39, 40 and 41 of Plaintiff's Complaint that on March 25, 2014, Defendants denied coverage under the "Primary Policy" and under the "Excess Policy" for the "Data Breach" referenced in Plaintiff's January 14, 2014 Notice; that Plaintiff and Defendants communicated both orally and in writing subsequent to the issuance of Defendants' denial, with Plaintiff providing no new information as to why Defendants' denial was improper and with Defendants' position remaining unchanged; and denies that Defendants have improperly refused to indemnify Plaintiff, which said denial is entirely proper based upon the facts of the claims presented for indemnity and the language of Defendants' insurance contracts, which said contracts are unambiguous written documents and speak for themselves.

## AS TO THE ALLEGATIONS IN COUNT I OF PLAINTIFF'S COMPLAINT DECLARATORY JUDGMENT AS TO THE ACE PRIMARY POLICY

15. Restates and alleges paragraphs 1-14, above, in response to paragraph 43 of Plaintiff's Complaint.

16. Admits in response to paragraph 44 of Plaintiff's Complaint that there is a dispute, controversy and disagreement between Plaintiff and Defendants regarding

whether Defendants have a duty to indemnify Plaintiff, but denies that said dispute, controversy and disagreement is "bona fide" in that Defendants' denial of coverage is justified and there is no basis to dispute the same.

17. Admits in response to paragraph 45 of Plaintiff's Complaint that Plaintiff complied with the enumerated CONDITIONS set forth in SECTION IV of the Primary Policy, save that Defendants are without knowledge as to whether Plaintiff has fully complied with the CONDITION concerning "Other Insurance." Denies that Plaintiffs have complied with all "terms" of the Primary Policy "relating to the Payment Card Claims and all other claims tendered to ACE," as Defendants deny any coverage for such claims under the terms of the Primary Policy.

18. Denies those allegations contained in paragraph's 46 and 47 of Plaintiff's Complaint.

### AS TO THE ALLEGATIONS IN COUNT II OF PLAINTIFF'S COMPLAINT
### BREACH OF CONTTRACT OF THE ACE PRIMARY POLICY

19. Restates and alleges paragraphs 1-18, above, in response to paragraph 48 of Plaintiff's Complaint.

20. Admits in response to paragraph 49 of Plaintiff's Complaint that Plaintiff complied with the enumerated CONDITIONS set forth in SECTION IV of the Primary Policy, save that Defendants are without knowledge as to whether Plaintiff has fully complied with the CONDITION concerning "Other Insurance." Denies that Plaintiffs have complied with all "terms" of the Primary Policy "relating to the Payment Card

Claims and all other claims tendered to ACE," as Defendants deny any coverage for such claims under the terms of the Primary Policy.

21. Denies those allegations contained in paragraph's 50 and 51 of Plaintiff's Complaint.

**AS TO THE ALLEGATIONS IN COUNT III OF PLAINTIFF'S COMPLAINT**
**<u>DECLARATORY JUDGMENT AS TO THE ACE EXCESS POLICY</u>**

22. Restates and alleges paragraphs 1-21, above, in response to paragraph 52 of Plaintiff's Complaint.

23. Admits in response to paragraph 53 of Plaintiff's Complaint that there is a dispute, controversy and disagreement between Plaintiff and Defendants regarding whether Defendants have a duty to indemnify Plaintiff, but denies that said dispute, controversy and disagreement is "bona fide" in that Defendants' denial of coverage is justified and there is no basis to dispute the same.

24. Admits in response to paragraph 54 of Plaintiff's Complaint that Plaintiff complied with the enumerated CONDITIONS set forth in SECTION IV of the Excess Policy, save that Defendants are without knowledge as to whether Plaintiff has fully complied with the CONDITION concerning "Other Insurance." Denies that Plaintiffs have complied with all "terms" of the Excess Policy "relating to the Payment Card Claims and all other claims tendered to ACE," as Defendants deny any coverage for such claims under the terms of the Excess Policy.

25. Denies those allegations contained in paragraph's 55 and 56 of Plaintiff's Complaint.

### AS TO THE ALLEGATIONS IN COUNT IV OF PLAINTIFF'S COMPLAINT
### BREACH OF CONTRACT OF THE ACE EXCESS POLICY

26. Restates and alleges paragraphs 1-25, above, in response to paragraph 57 of Plaintiff's Complaint.

27. Admits in response to paragraph 58 of Plaintiff's Complaint that Plaintiff complied with the enumerated CONDITIONS set forth in SECTION IV of the Excess Policy, save that Defendants are without knowledge as to whether Plaintiff has fully complied with the CONDITION concerning "Other Insurance." Denies that Plaintiffs have complied with all "terms" of the Excess Policy "relating to the Payment Card Claims and all other claims tendered to ACE," as Defendants deny any coverage for such claims under the terms of the Excess Policy.

28. Denies those allegations contained in paragraph's 59 and 60 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. To avoid waiver, Defendants allege that Plaintiff's claims may be barred by the applicable statute of limitation, by the doctrines of waiver, estoppel or laches, or by any applicable limitation period, contractual or otherwise.

3. Plaintiff's claims are barred by the doctrines of accord, satisfaction, set off and collateral source. Plaintiff affirmatively procured other insurance specifically designed to cover it against the claims asserted herein, with the only limitation on

Plaintiff's ability to collect on the same being its own failure to purchase such insurance in a sufficient amount.

4. Plaintiff's claims are barred because Defendants has not breached any duty owed to Plaintiff.

5. Plaintiff's claims are barred by, and otherwise fail because of, the applicable terms, conditions, provisions exclusions and endorsements of Defendants' insurance policies, including, but not limited to, the definition of "property damage" and "occurrence", the contractual liability exclusion and the impaired property exclusion, which said insurance policies are unambiguous written documents which speak for themselves.

6. Plaintiff's claims are subject to, and limited by, any applicable deductible, self-insured retention or limit of insurance specified in Defendants' policies.

7. To avoid waiver, and to the extent not already asserted, Defendants assert all other defenses under Fed. R. Civ. P. 8 and 12.

8. Defendants assert that there may be other affirmative defenses that are supported by facts currently unknown to Defendants. Defendants reserve the right to amend this answer to include other affirmative defenses if discovery should reveal those defenses to be appropriate.

WHEREFORE, having fully answered the Complaint, Defendants request judgment in their favor as follows:

A. Dismissing the Complaint with prejudice;

B. Awarding to Defendants their costs and reasonable attorney's fees incurred in defending the claims asserted in the Complaint, together with interest thereon at the highest rate provided by law from the entry of Judgment until paid; and

C. For such other relief as this Court deems just and proper.

## **COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Defendants, for their counterclaim against the Plaintiff, allege as follows:

1. Defendants assert this Counterclaim to obtain a judicial determination and declaration of the parties' respective rights and obligations under the "Primary Policy" and under the "Excess Policy," as those terms are defined in Plaintiff's Complaint.

2. There is a dispute and actual controversy and disagreement between Plaintiff and Defendants regarding whether Defendants have a duty to indemnify Plaintiff for what are described in Plaintiff's Complaint as the "Payment Card Claims."

3. Defendants owe no coverage to Plaintiff under the "Primary Policy" or under the "Excess Policy" for the "Payment Card Claims" nor do Defendants owe indemnity to Plaintiff for the settlement payments made by it relating to the "Payment Card Claims."

4. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202, Defendants request that the Court issue a judicial declaration that the "Payment Card Claims" are not covered under the Defendants' "Primary Policy" or under the Defendants' "Excess Policy," and that Defendants have no obligation to indemnify Plaintiff for the settlement payments relating to the "Payment Card Claims."

## PRAYER FOR RELIEF

WHEREFORE, Defendants ask that this Court enter judgment in its favor and against Plaintiff as follows:

A. Declaring that the "Payment Card Claims" are not covered under the Defendants' "Primary Policy" or under the Defendants' "Excess Policy," and that Defendants have no obligation to indemnify Plaintiff for the settlement payments relating to the "Payment Card Claims."

B. Awarding all costs and disbursements incurred herein in pursuing this action; and

C. Granting any other relief the Court deems necessary and proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable under Minnesota Law.

Dated: December 16, 2019

Respectfully submitted,

*s/ Charles E. Spevacek*
Charles E. Spevacek (#126044)
MEAGHER & GEER, P.L.L.P
33 South Sixth Street, Suite 4400
Minneapolis, Minnesota 55402
(612) 338-0661
(612) 338-8384 Fax
cspevacek@meagher.com

*Attorneys for ACE American Insurance Company and ACE Property & Casualty Insurance Company*