UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Target Corporation, | Case No. 19-cv-2916 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** |
| ACE American Insurance Company and ACE Property & Casualty Insurance Co., | |
| Defendants. | |

_____

Before the Court is Defendants ACE American Insurance Company and ACE Property & Casualty Insurance Co.'s (collectively, ACE) motion for certification for interlocutory appeal. (Dkt. 65.) Plaintiff Target Corporation (Target) opposes the motion. For the reasons addressed below, ACE's motion is denied.

## BACKGROUND

In 2013, Target discovered that a hacker stole payment card data and personal contact information of individuals with Target payment cards (Data Breach). Because the Data Breach compromised the payment cards, the banks that issued these payment cards (Issuing Banks) cancelled the payment cards and issued replacement payment cards, incurring costs for which the Issuing Banks sought compensation from Target. Target settled the Issuing Banks' claims.

In this case, Target alleges that under ACE's general liability policies (the Policies), ACE is obligated to indemnify Target with respect to the settlements with the Issuing

Banks. The Policies provide coverage for losses resulting from property damage, including "loss of use of tangible property that is not physically injured." The Policies apply to property damage only if the "property damage" is caused by an "occurrence." Target provided ACE with notice and a detailed accounting of the loss. ACE denied coverage as to Target's claim and refused to compensate Target. Target filed this lawsuit against ACE in November 2019, alleging breach of contract and seeking declaratory and compensatory damages.

Target moved for partial summary judgment, seeking a declaration that the Policies covered the costs Target incurred settling the claims for replacement of the payment cards. Target argued that ACE's refusal to provide coverage for these claims lacked any basis in either the Policies' language or Minnesota law. ACE countered that Target failed to meet its burden of establishing the elements required to trigger coverage—specifically, that the settlement satisfied Target's legal obligation to pay "damages because of loss of use of tangible property" caused by an "occurrence." On February 8, 2021, this Court denied Target's motion for partial summary judgment and granted ACE's motion for summary judgment. On March 8, 2021, Target moved to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 56(f)(2) and 59(e), contending that the February 8, 2021 Order contained an error of law. On March 22, 2022, the Court granted Target's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), vacated the February 8, 2021 Order, denied ACE's motion for summary judgment, and granted Target's motion for partial summary judgment. The Court concluded that ACE was

obligated to indemnify Target for Target's settlement with the Issuing Banks for the costs of replacing the payment cards. ACE now moves the Court to certify the March 22, 2022 Order for interlocutory appeal.

## ANALYSIS

ACE argues that an interlocutory appeal is necessary to address the following question: "where banks chose to cancel and replace payment cards after the card data was compromised in a data breach, are the costs to replace those cards damages because of 'property damage' caused by an 'occurrence' and therefore covered under the ACE insurance policies?"

Title 18, United States Code, Section 1292(b) permits the certification of a non-final order for interlocutory appeal when (1) the order involves a controlling question of law, (2) substantial grounds for a difference of opinion exist on that question, and (3) the immediate appeal of the order would advance the ultimate conclusion of the litigation.[1] 28 U.S.C. § 1292(b). Interlocutory appeals are appropriate for "extraordinary cases," not merely "to provide review of difficult rulings in hard cases." *Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (internal quotation marks omitted). "It has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotation marks omitted). Accordingly, the party

---

[1]  Even when a district court certifies a non-final order for interlocutory appeal, the court of appeals may decline such review. *See* Fed. R. App. P. 5(a) (governing discretionary appeals).

seeking interlocutory review "bears the heavy burden of demonstrating that the case is an exceptional one in which [an] immediate appeal is warranted." *Id.*

### A.      Controlling Question of Law

For the purpose of an interlocutory appeal under Section 1292(b), a controlling question of law is a legal issue that is not "a matter for the discretion of the trial court." *Id.* at 377 (internal quotation marks omitted). "[T]he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, No. 09-CV-3037 (SRN/LIB), 2013 WL 4028144, at *4 (D. Minn. Aug. 7, 2013) (internal quotation marks omitted); *accord Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) ("We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact."). Here, ACE seeks an interlocutory appeal of this Court's interpretation of the meaning of several of the Policies' terms. Questions concerning the interpretation of these contract terms are not controlling questions of law that warrant certification under Section 1292(b). For this reason, the Court concludes that the March 22, 2022 Order does not involve a controlling question of law and, therefore, does not warrant certification for interlocutory appeal.

### B. Substantial Grounds for a Difference of Opinion

To warrant certification for interlocutory appeal, ACE also must demonstrate that substantial grounds for a difference of opinion exist. Relying on one decision from the United States Court of Appeals for the Third Circuit and another from the United States District Court for the Northern District of Alabama, ACE contends that substantial grounds for a difference of opinion exist as to whether a data breach can cause property damage of the type outlined in the Policies—that is, "loss of use of tangible property that is not physically injured."

Substantial grounds for a difference of opinion exist when there are "a sufficient number of conflicting and contradictory opinions." *Union County*, 525 F.3d at 647 (quoting *White*, 43 F.3d at 378). Such grounds may exist if "a difference of opinion exists *within the controlling circuit*" or "the circuits are split on the question." *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014) (emphasis added) (internal quotation marks omitted). Interlocutory appeal is not warranted when the United States Court of Appeals for the Eighth Circuit has provided "clear guidance" on the disputed legal question. *S.B.L. by and through T.B. v. Evans*, 80 F.3d 307, 312 (8th Cir. 1996) (internal quotation marks omitted).

Here, because there was no binding authority directly pertaining to the parties' dispute, this Court's March 22, 2022 Order relies on the factually analogous loss of use at issue in *Eyeblaster, Inc. v. Fed. Ins. Co.*, 613 F.3d 797 (8th Cir. 2010). In seeking interlocutory appeal, ACE relies exclusively on one circuit court decision and one district

5

court decision, both from other circuits, that are not precedential authority and do not purport to apply the law of the Eighth Circuit. ACE cites no legal authority from within the Eighth Circuit that contradicts *Eyeblaster*. In addition, neither of the cases ACE cites—*Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162 (3d Cir. 2008), and *Camp's Grocery, Inc. v. State Farm Fire & Cas. Co.*, No. 4:16-cv-0204-JEO, 2016 WL 6217161 (N.D. Ala. Oct. 25, 2016)—conflicts with the Court's March 22, 2022 Order. *BJ's Wholesale* involved claims for compensation for the cost of replacing payment cards pursuant to a theory of negligence—not for the breach of a specific term in a liability contract—and was a case in which the injured party sought to prove physical damage. *BJ's Wholesale*, 533 F.3d at 179–80. *Camp's Grocery* involved a policy provision that expressly excluded from liability coverage "damages arising out of the . . . loss of use." *Camp's Grocery*, 2016 WL 6217161, at *2. ACE and Target's dispute, by contrast, involved a breach-of-contract claim and a demand for compensation pursuant to the Policies' provision of coverage for "loss of use of tangible property that is not physically injured."

*Eyeblaster* is the law of the Eighth Circuit, is analogous to the instant dispute and does not conflict with the Court's reasoning in the March 22, 2022 Order. Neither of the two cases ACE cites conflicts with the Court's conclusion in the March 22, 2022 Order and, even if they did, they are from outside the Eighth Circuit. For these reasons, the cases on which ACE relies demonstrate neither a difference of opinion within this Circuit nor a circuit split as to the question ACE seeks to appeal. Accordingly, ACE has not satisfied

its heavy burden to establish that there is a substantial ground for a difference of opinion that warrants certification for interlocutory appeal.

### C. Material Advancement of the Termination of Litigation

ACE contends that immediate appellate review of the Court's March 22, 2022 Order will minimize unnecessary time and financial expenditures that the Court and the parties will have to undertake if they must continue with additional discovery and trial before the Eighth Circuit potentially reverses the Court's March 22, 2022 Order.

Certification for interlocutory appeal is permitted only when an immediate appeal will "materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378 (internal quotation marks omitted). This requirement "means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *Rilley v. MoneyMutual, LLC*, No. 16-4001 (DWF/LIB), 2017 WL 6343616, at *2 (D. Minn. Dec. 11, 2017). "The purpose of allowing interlocutory appeal under § 1292(b) is primarily to avoid unnecessary protracted and complex litigation such as that involved in antitrust suits." *Transocean Grp. Holdings Pty Ltd. v. S.D. Soybean Processors, LLC*, No. 07-652 (JRT/FLN), 2008 WL 11383536, at *4 (D. Minn. Jan. 16, 2008) (internal quotation marks omitted).

This case pertains to the interpretation of contract terms and does not involve the sort of protracted and complex litigation that warrants certification of an interlocutory appeal. The possibility that the Eighth Circuit *might* reverse the Court's March 22, 2022 Order on appeal cannot suffice to establish a need for an interlocutory appeal. If the mere

possibility of reversal on appeal were sufficient to warrant certification for interlocutory appeal, certification would be routine rather than an option granted only in "extraordinary cases." *Union County*, 525 F.3d at 646. In addition, because ACE has not established that the March 22, 2022 Order resolved a controlling question of law or that substantial grounds for a difference of opinion exist as to the issue ACE seeks to appeal, interlocutory appeal is unwarranted.

For the reasons addressed above, the Court denies ACE's motion requesting certification for interlocutory appeal.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendants ACE American Insurance Company and ACE Property & Casualty Insurance Co.'s motion for certification for interlocutory appeal, (Dkt. 65), is **DENIED**.

Dated: September 30, 2022                    s/Wilhelmina M. Wright
                                             Wilhelmina M. Wright
                                             United States District Judge